IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CLAYTON INTERNATIONAL, INC.,

Plaintiff,

8:21CV309

vs.

ORDER

NEBRASKA ARMES AVIATION, LLC,  ENC
PRODUCTS, LLC, TRACY OGLE, and JOEY
DEROUSSE,

Defendants.

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Filing No. 59.)  For the reasons set forth below, the motion will be granted.

**DISCUSSION**

Plaintiff filed this suit on August 16, 2016, asserting claims for patent infringement, misappropriation of trade secrets, conversion, deceptive trade practices, tortious interference with a business expectancy and unfair competition.  (Filing No. 1.)  The Complaint alleges Defendants misappropriated the UH-60 VVIP Data Package Plaintiff acquired from Sabreliner Corporation to obtain contracts with the Royal Jordanian Air Force ("RJAF") and then used the Data Package to perform under the contracts.

Plaintiff now seeks leave to amend his complaint to add Nebraska Gas Turbine, Inc. ("NGT") as a defendant in this suit to assert claims against it for patent infringement, misappropriation of trade secrets, conversion, deceptive trade practices, tortious interference with a business expectancy and unfair competition.  Plaintiff argues that it needs to add NGT due to

information it recently learned during discovery. Specifically, Plaintiff maintains it discovered that NGT was also a party to contracts with the RJAF.  Plaintiff claims it was not aware NGT was a party to the contracts until after the deadline to amend pleadings/add parties had expired.

Plaintiff contends it requested production of contracts in connection with its Motion for Expedited Discovery, which was filed on October 1, 2021.  (Filing No. 25.)  Defendants did not oppose the motion and it was granted by the Court on October 5, 2021.  (Filing No. 28.)  The Court gave Defendants until November 8, 2021 to respond to Plaintiff's discovery requests.  (Filing No. 28.)  On or about December 1, 2021, the parties contacted the Court regarding a discovery dispute pertaining to Plaintiff's request for production of contracts (Filing No. 37).  The Court held a telephone conference with the parties to discuss the matter on December 9, 2021. (Filing No. 39.)  During the conference, the Court ordered Defendants to produce documents responsive to Plaintiff's Document Production Request Nos. 4 and 5, which included production of contracts. (Filing No. 40.)  However, the Court further ordered that prior to this production, it would permit the RJAC to intervene in this case for the purpose of raising any objections it had to the production. The Court gave the RJAF until January 7, 2022 to intervene, and ordered that if the RJAF did not intervene, Defendants had to respond to the discovery requests by January 21, 2022.  The RJAF did not intervene and Defendants produced the contracts on or about January 28, 2022.  However, when the contracts were first produced, they were done so under a Attorneys' Eyes Only ("AEO") designation, which precluded production of the contracts directly to Plaintiff.  The AEO designation was removed on or about February 15, 2022.

Defendants oppose Plaintiff's Motion to Amend, arguing that the motion is untimely because, under the progression order, Plaintiff's deadline to file motions to amend/add parties expired on December 17, 2021.  (Filing No. 32; Filing No. 51.)  Defendants assert that Plaintiff knew of the basis for its claims against NGT before it filed this lawsuit, as evidenced by a cease-and-desist letter Plaintiff sent to NGT on April 15, 2021—which was four months before this lawsuit was filed.  (Filing No. 67-2.)  As further evidence of Plaintiff's awareness of NGT's involvement, Defendants point to a receipt produced on November 8, 2021, which identified NGI as a buyer of tools purchased at an auction.  (Filing No. 67-4.)  Defendants also argue that Plaintiff's claims have nothing to do with the actual contracts and, therefore, the recent production of these documents does not provide a basis for adding NGT as a defendant. Defendants contend

Plaintiff simply waited to seek to add NGT as part of a strategy to increase the costs of this litigation and delay case progression.

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15.  However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

When a party seeks leave to amend after a scheduling order deadline, that party must "first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BCD Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:05CV25, 2007 WL 2344814, at *3 (D. Neb. 2007). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal quotation omitted).  "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Having considered the matter, the Court finds Plaintiff was diligent in seeking to amend and good cause exists for amendment out of time.  Plaintiff filed its Motion to Amend on March 29, 2022, which was around three months following the deadline to amend/add parties.  However, the late filing of Plaintiff's Motion to Amend is excusable based on the timing of discovery and production of the contracts.  Due to a discovery dispute, the contracts were not produced to counsel until January 28, 2022—after the deadline for amended pleadings had expired.  The AEO designation was not lifted until February 15, 2022.  Following its receipt and review of the contracts, Plaintiff promptly moved for leave to amend.

Also, the Court is not convinced that adding a party at this time would unduly prejudice Defendants through delay, increased costs of discovery, or otherwise.  This case was filed less than one year ago.  The deadline for written discovery is July 8, 2022, and the deposition deadline is not until November 22, 2022.  Defendants' full expert witness disclosures are not due until October

7, 2022. Dispositive motions do not need to be filed until December 20, 2022. Allowing NGT to be added as a defendant at this point would not necessarily result in modification of all these deadlines.  Further, the pretrial conference and trial have not even been scheduled.  The claims Plaintiff plans to assert against NGI are the same causes of action which have been asserted against Defendants Tracy Ogle and Nebraska Armes Aviation, LLC. Thus, it does not necessarily follow that this litigation will be unduly complicated or rendered prejudicially more costly through the addition of a party at this juncture.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 59) is granted.  Plaintiff shall file its Amended Complaint by June 13, 2022.

Dated this 9th day of June, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

4