IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLAYTON INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA ARMES AVIATION, LLC, ENC PRODUCTS, LLC, TRACY OGLE, and JOEY DEROUSSE, <br><br> Defendants. | 8:21CV309 <br><br> **ORDER** |

    This lawsuit arises out of allegations that Defendants misappropriated intellectual property that Plaintiff claims to have purchased from Sabreliner Aviation, LLC. Sabreliner is not a party to this litigation.

    On September 1, 2022, the Court held a telephone conference with the parties to discuss a discovery dispute. (Filing No. 105.) Following discussion, the Court directed Plaintiff to submit certain documents to the Court *in camera* to allow the Court to assess the applicability of the work product doctrine to those documents. The documents consist of emails exchanged between Mike Stille, Plaintiff's President, and Adam Arters, President of Sabreliner.

    Plaintiff submitted the documents, as well as a privilege log, to the Court as directed. The parties later, at the Court's request, also submitted briefs regarding the applicability of the work product doctrine to the documents. The Court has reviewed the briefs, privilege log, and the documents at issue. Having done so, the Court finds that the documents are protected from disclosure by the work product doctrine.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 26(b)(3), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). The "determination of whether the documents were prepared in anticipation of litigation is clearly a factual determination." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987).

It appears to the Court that the communications between Stille and Arters relate to the collection of information at the direction of Plaintiff's counsel in anticipation of, and in furtherance of, this lawsuit. The Court's review of the documents shows the purpose of the communications was to collect information for Plaintiff's counsel for use in this suit. The documents reference counsel, at times indicate they were forwarded to counsel, and are often continuations of the same conversations regarding the collection of information.

Plaintiff's counsel has also represented to the Court, by way of her brief, that the documents were collected at her direction. Based on the content of the documents, not to mention counsel's ethical obligations, the Court has no reason to doubt this statement. Nevertheless, Plaintiff's counsel has not submitted an affidavit to attest that the information was sought at her direction. It is probable that such an affidavit was not submitted because this discovery dispute is not before the Court on a formal motion. Thus, the Court will order Plaintiff's counsel to submit an affidavit within seven days of this order. If, upon review of the affidavit, Defendants remain unconvinced that the documents were prepared at counsel's direction and are privileged work product, Defendants may file a request that the Court reconsider this ruling.

Accordingly,

**IT IS ORDERED** that Plaintiff does not need to produce the documents at issue because they are protected work product. This ruling may be reconsidered at Defendants' request following Plaintiff's counsel's submission of an affidavit as set out above. If Defendants desire reconsideration, they shall file such a request no later than 14 days following Plaintiff's counsel's submission of the affidavit.

Dated this 13th day of January, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge