IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLAYTON INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA ARMES AVIATION, et al. <br><br> Defendants. | 8:21CV309 <br><br> ORDER |

      This matter comes before the Court on the Motion to Compel Communications Withheld on the basis of Work Product Doctrine (Filing No. 225) filed by Defendants, Joey DeRousse ("DeRousse") and ENC Products, LLC ("ENC Products"). Defendants seek the Court to compel Plaintiff, Clayton International, Inc. ("Clayton"), to produce 46 communications identified in Plaintiff's Second Supplemental Privilege Log withheld on the basis of the work product privilege. (Filing No. 226-5).[1] These communications consist of email and text correspondence between two non-attorneys: Mike Stille, the President of Clayton, and Adam Arters, the President of Sabreliner Aviation, LLC. Defendants contend these communications between non-lawyer non-party fact witnesses are not protected from disclosure by the work product privilege, but even if they are, Defendants cannot obtain the substantial equivalent of these communications by other means without undue hardship, and thus the Court should order their disclosure. (Filing No. 227 at pp. 20-21).

      Plaintiff opposes the motion because nearly all of the communications sought by Defendant in this motion were previously reviewed *in camera* by the Court, and were determined to be work product in an Order dated January 13, 2023, (Filing No. 139), to which Defendants did not object. Plaintiff represents that the additional four communications sought by Defendants have not been reviewed by the Court, but comprise text messages exchanged between Arters and Stille during the pendency of this litigation and "are merely additional communications . . . discussing the same issues contained within the email communications that were already determined by the Court to constitute protected work product[.]" (Filing No. 235 at pp. 1-3).

---

[1] The Second Supplemental Privilege Log (Filing No. 226-5) contains 46 separately numbered CTRL/Bates documents; however, Plaintiff states Defendants "are seeking disclosure of twenty-six (26) communications," twenty-three of which were previously reviewed by the Court *in camera* and found to be privileged. (Filing No. 235 at p. 1).

## DISCUSSION

Rule 26(b)(3)(A) provides, "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). However, a party may discover otherwise relevant work product upon a showing that the requesting party has a substantial need for the material and cannot obtain the material or its equivalent elsewhere without incurring undue hardship. See Fed. R. Civ. P. 26(b)(3)(A)(ii).

There are two categories of work-product: ordinary work product and opinion work product. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product "includes raw factual information" and is discoverable only if the party seeking discovery has "a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." *Id.* (citing Fed. R. Civ. P. 26(b)(3)). Opinion work product includes "counsel's mental impressions, conclusions, opinions or legal theories" and "enjoys almost absolute immunity and can be discoverable only in very rare and extraordinary circumstances, such as when the materials demonstrate that an attorney engaged in illegal conduct or fraud." *Id.* (citation omitted).

Rule 26(b)(3)(A) applies not only to attorneys, but also to an attorney's agents or consultants. The Supreme Court has explained the rationale for extending work-product to non-attorneys as follows:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorneys as well as those prepared by the attorney himself.

*United States v. Nobles*, 422 U.S. 225, 238-39 (1975).

To determine whether a document was prepared in anticipation of litigation, the court must consider whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G. D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987). "The work product

doctrine is to be applied in a commonsense manner in light of reason and experience as determined on a case-by-case basis." *Pittman v. Frazer*, 129 F.3d 983, 987-88 (8th Cir. 1997) (finding the defendant did not waive work product privilege for entire investigatory file despite disclosure of some of the protected material gathered by the investigator). The party seeking to assert a privilege has the burden of establishing that the privilege applies. *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020) (citing *Bouschor v. United States*, 316 F.2d 451, 456 (8th Cir. 1963)). The party seeking to overcome the work-product privilege bears the burden of establishing substantial need and undue burden. See *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). The work product doctrine reflects a "strong public policy" of promoting efficiency, fairness, the interests of clients, and justice. See *Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981) (citation omitted).

Plaintiff asserts the majority of the communications sought by Defendants in this motion were previously submitted *in camera* and reviewed by the Court,[2] and were found to be work product. Specifically, Plaintiff states the Court already reviewed the nineteen items identified on pages 4-5 of Defendants' opening brief (Filing No. 227), as well as three emails identified on page 6 as CTRL/Bates numbers CTRL034705, CTRL034726 and CTRL034726.[3] Plaintiff asserts the additional text message communications between Arters and Stille not previously reviewed by the Court "are more of the same," and were sent during the pendency of the litigation, discussing the same issues contained within the email communications that were already determined by the Court to constitute protected work product. (Filing No. 235 at pp. 2-3).

On January 13, 2023, after review of the disputed communications *in camera* following an informal discovery dispute conference, the Court found the communications between Stille and Arters "relate to the collection of information at the direction of Plaintiff's counsel in anticipation of, and in furtherance of, this lawsuit," and thus found the communications were privileged work product. (Filing No. 139 at p. 2). In its Order, the Court directed Plaintiff's counsel to submit an

---

[2] The Honorable Susan M. Bazis, who at the time was the United States Magistrate Judge assigned to this case. The undersigned magistrate judge was subsequently reassigned to this case on April 11, 2024, upon Judge Bazis' confirmation as a United States District Judge. (Filing No. 270).

[3] Plaintiff states that, despite these three email communications being inadvertently excluded from its privilege log previously provided to the Court on September 12, 2022, these emails were included within the documents previously submitted to the Court for *in camera* review. The email identified as CTRL034705 is contained within the email string identified as CTRL034507, which was also previously reviewed by the Court. (Filing No. 235 at pp. 2-3).

3

affidavit regarding her assertions in the briefing that the documents at issue were collected at her direction. The Court further stated, "If, upon review of the affidavit, Defendants remain unconvinced that the documents were prepared at counsel's direction and are privileged work product, Defendants may file a request that the Court reconsider this ruling," and ordered that such motion to reconsider must be filed "no later than 14 days following Plaintiff's counsel's submission of the affidavit." (Filing No. 139 at p. 2). Defendants did not file a motion to reconsider or otherwise object to this January 13, 2023, Order, until the present motion to compel was filed in March 2024.

After its review of the communications, the undersigned magistrate judge has some reservations in concluding these communications are protected work product. While "work product protection applies to attorney-led investigations when the documents at issue can fairly be said to have been prepared or obtained because of the prospect of litigation," *Crutcher-Sanchez v. Cty. of Dakota, Neb.*, No. 8:09CV288, 2011 WL 612061, at *5 (D. Neb. Feb. 10, 2011) (citation omitted), "attorney involvement in an investigation is not necessarily sufficient by itself to protect an entire investigation under the work product doctrine." *Kraft v. Essentia Health*, No. 3:20-CV-121, 2023 WL 3893528, at *23 (D. N.D. Jan. 13, 2023). In *Kraft*, the Court concluded the work product privilege did not apply to several documents "as to which no attorney is identified as either creator or recipient." The Court recognized that although "work product protection is not limited to documents prepared by or requested by an attorney, the court finds no basis for extending work product protection to documents neither created by nor reviewed by an attorney," and noted the defendant "has cited no case law applying work product protection to documents neither created by nor received by an attorney." *Id.*

Here, nearly all of the emails and text messages on Plaintiff's Second Supplemental Privilege Log were authored by either Arters or Stille, and were sent only to Arters or Stille.[4] Arters is a non-party, non-attorney fact witness. Arters was the President of Sabreliner and provided factual information to another non-attorney with whom he had done business leading to the disputed issues in this case, including the sale of the data package and patent from Sabreliner to Clayton and Defendant DeRousse's review of certain UH-60 VVIP modification data. Arters is not an agent of Plaintiff or Plaintiff's counsel, nor is he involved in the present litigation, aside

---

[4] With the exception of CTRL034355, wherein Arters cc-ed Erin Robak in his email to Stille dated 3/22/2022; CTRL034648, wherein Erin Robak cc-ed Stille in her email to Arters dated 4/7/2022; and CTRL034566, wherein Stille cc-ed Robak in his email to Arters dated 3/18/2022. (Filing No. 226-5).

from his factual knowledge underlying the claims in this case. Stille is also not an attorney or an investigator, but was an individual that had done business with Arters when he negotiated the purchase of the data package from Sabreliner on behalf of Clayton. Additionally, Stille did not advise Arters that their communications are privileged or otherwise confidential. See also *Mark R. Kiesel Living Tr. v. Hyde*, No. CV 22-109-M-KLD, 2023 WL 3480142, at *10 (D. Mont. May 16, 2023) ("The Court is not persuaded that these documents are anything more than discussions between a party and a fact witness, and certainly are not documents prepared for trial or in anticipation of litigation, or documents that might reveal the mental processes of [the plaintiff's] attorneys.").

Nevertheless, the Court has reviewed Plaintiff's counsel's affidavit, in which she avers the communications between Stille and Arters relate to efforts to collect information in anticipation of and in furtherance of this lawsuit, at her direction. The Court previously accepted Plaintiff's counsel's affidavit and determined the communications were protected by the work product privilege. And, despite providing Defendants with 14-days to file a motion for reconsideration of that conclusion, Defendants never did. Therefore, under the circumstances, the undersigned magistrate judge is not inclined to overrule or reconsider the findings of his predecessor that these communications were privileged work product.

However, to the extent these communications between two fact witnesses and non-parties are considered privileged work product, they only constitute ordinary work product. And, Defendants have established a "a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." See Fed. R. Civ. P. 26(b)(3). Although Plaintiff asserts Defendants could obtain the substantial equivalent of this information from DeRousse himself, the Court finds the substantial equivalent of this information would actually come from Arters. Defendants deposed Arters on February 16, 2024, concerning many of topics contained in his emails with Stille, but Arters could not remember or recall many facts between 2019-2022. Therefore, Defendants have demonstrated a substantial need for Arters' communications with Stille, which contain only factual information relevant to this litigation. See Fed. R. Civ. P. 26(b)(3). The Court is satisfied that disclosure of these communications will not reveal counsel's mental impressions or otherwise prejudice Plaintiff, and that such factual information is otherwise unavailable to Defendants, in part due to the passage of time and fading of memories. Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Compel Communications Withheld on the basis of Work Product Doctrine ([Filing No. 225](#)) is granted.
2. Plaintiff shall produce the communications identified in its Second Supplemental Privilege Log ([Filing No. 226-5](#)) within 15-days of this Order if Plaintiff files no Objection to this Order;
   a. If Plaintiff files an Objection to this Order, such disclosure shall be stayed pending the District Judge's resolution of such Objection.

Dated this 18th day of September, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge