IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLAYTON INTERNATIONAL, INC., | |
| Plaintiff, | 8:21CV309 |
| v. | |
| NEBRASKA ARMES AVIATION, LLC, ENC PRODUCTS, LLC, NEBRASKA GAS TURBINE, INC., TRACY OGLE, and JOEY DEROUSSE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on defendants Nebraska ARMES Aviation, LLC, ENC Products, LLC, Nebraska Gas Turbine, Inc., Tracy Ogle, and Joey DeRousse's (together, the "defendants") Statement of Objections (Filing No. 323) to the magistrate judge's[1] recent order deciding a number of discovery-related issues (Filing No. 305). *See* NECivR 72.2(a); Fed. R. Civ. P. 72(a). The defendants take particular issue with the magistrate judge's decision to grant plaintiff Clayton International, Inc's ("Clayton International") request for an extension of the deadline to identify experts (Filing No. 189) in this matter. *See* Fed. R. Civ. P. 16(b)(4) (stating a pretrial scheduling order may only be modified "for good cause and with the judge's consent").

When a party objects to a magistrate judge's ruling on a nondispositive matter, the Court's review is rather deferential. *See, e.g.*, *Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2024 WL 665095, at *2 (explaining the "high bar" the objecting party "must clear" in such cases). The Court will not "modify or set aside" a magistrate judge's ruling unless their determination was "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). For the magistrate judge's ruling to be clearly

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

erroneous, the Court must not merely find "it would have decided the [matter] differently" but that the record leaves it "'with a definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). In determining whether a magistrate judge's ruling is contrary to law, courts in this circuit consider whether the ruling "misapplies relevant statutes, case law or rules of procedure." *Kraft v. Essentia Health*, 610 F. Supp. 3d 1195, 1200 (D.N.D. 2022) (quoting *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019)); *accord Bucco v. W. Iowa Tech Cmty. Coll.*, 664 F. Supp. 3d 916, 919 (N.D. Iowa 2023).

The defendants assert the magistrate judge's finding of good cause to justify the challenged extension was "conclusory" and "unsupported by any evidence in the record," and that his finding of excusable neglect was belied by the majority of the relevant factors. Clayton International disagrees (Filing No. 330), pointing to the "several unique challenges" to the progression of this case, its diligence in addressing those issues, and the impact of the defendants' delayed production of material documents. Having reviewed the record and considered the parties' arguments, the Court finds no reason to modify or set aside the magistrate judge's decision.

"To establish good cause" justifying the modification of a scheduling order, "a party must show its diligence in attempting to meet the progression order." *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (quoting *Marmo v. Tyson Fresh Meats*, Inc., 457 F.3d 748, 759 (8th Cir. 2006)). If that essential showing has been made, the Court may also go on to consider other relevant factors. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (explaining that, even when good cause is shown, whether to grant a requested scheduling modification is within the district court's discretion). Such factors include any resulting prejudice to the nonmovant or undue delay. *See Kmak v. Am. Century Cos.*, 873 F.3d 1030, 1034-35 (8th Cir. 2017).

Here, the magistrate judge aptly determined Clayton International showed good cause to modify the scheduling order in this case. The record demonstrates Clayton International diligently attempted to meet the earlier deadline for expert identifications but was impeded by significant discovery-related setbacks. *See Petrone*, 940 F.3d at 434; *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024) ("The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause." (quoting *Bradford*, 249 F.3d at 809)). In particular, it attested that the defendants' delay in supplementing their discovery responses and the parties' ongoing production disputes made it unable to identify experts at that time. Contrary to the defendants' assertions, Clayton International did not act carelessly simply because it requested the extension after the scheduling deadline had passed.

To that point, there is also no reversible error in the magistrate judge's statement that excusable neglect further justified the extension. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392-93 (discussing the excusable-neglect "standard for allowing late filings" in certain circumstances); Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time" for an act to be done "on motion made after the time has expired if the party failed to act because of excusable neglect"). "Excusable neglect encompasses four factors: prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019). The reason for the delay is especially weighty in that analysis. *Id.*

The magistrate judge's balancing of those factors here is well-supported by the record. Clayton International's deadline for identifying experts had passed only twelve days before it filed the late request for an extension. Though the defendants make a mountain out of Clayton International's admission that they momentarily overlooked the need to request that extension earlier, the overarching reason for delay was the parties'

3

extensive disagreement over a number of important discovery issues. The defendants' speculation and attempt to impute bad faith are simply unsubstantiated. Thus,

IT IS ORDERED:

1. Defendants Nebraska ARMES Aviation, LLC, ENC Products, LLC, Nebraska Gas Turbine, Inc., Tracy Ogle, and Joey DeRousse's Statement of Objections (Filing No. 323) to the magistrate judge's order (Filing No. 305) granting plaintiff Clayton International, Inc.'s motion to extend the deadline to identify experts (Filing No. 189) is overruled.

2. The deadlines set forth in the Trial Setting Order (Filing No. 307) remain in effect.

Dated this 7th day of October 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge