IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CLAYTON INTERNATIONAL, INC.,

Plaintiff,

v.

NEBRASKA ARMES AVIATION, LLC, ENC PRODUCTS, LLC, TRACY OGLE, JOEY DEROUSSE, and NEBRASKA GAS TURBINE, INC.,

Defendants.

**8:21CV309**

**MEMORANDUM AND ORDER**

After years of discovery in this matter and numerous disputes between the parties, plaintiff Clayton International, Inc. ("Clayton International"), moved for sanctions (Filing No. 325) against defendants Tracy Ogle ("Ogle"), Nebraska Armes Aviation, LLC ("Armes Aviation"), and Nebraska Gas Turbine, Inc. ("NGTI" and together, the "sanction defendants"), on September 27, 2024.[1] *See* Fed. R. Civ. P. 37(e). That motion concerned the loss of electronically stored information from Ogle's laptop hard drive (the "ESI"), which Clayton International claims Ogle intentionally destroyed. In all, it asked the Court to (1) order the sanction defendants to reimburse its attorney fees and costs arising out of the loss of the ESI, (2) permit the presentation of spoliation evidence at trial, and (3) instruct the jury it can consider such evidence in reaching a verdict.

After a delay during which they obtained new counsel, the sanction defendants opposed (Filing No. 343) Clayton International's motion. Clayton International replied (Filing No. 363) in support of its request for sanctions. Throughout the briefing of the matter, the parties submitted a slew of exhibits (Filing Nos. 327, 344, 362), including emails between counsel, responses to interrogatories, depositions, and a report by Derek Kuchenreuther ("Kuchenreuther"), a digital forensics examiner retained by Ogle.

[1]Ogle is the president of Armes Aviation and a vice-president of NGTI.

On February 21, 2025, the magistrate judge entered an Order (Filing No. 406) granting in part and denying in part Clayton International's motion. He concluded "some sanctions in the form of attorney fees and costs [were] appropriate, but the additional relief requested [was] not." Now before the Court are Clayton International's objections (Filing No. 411) to that Order. *See* Fed. R. Civ. P. 72; NECivR 72.2. For the reasons described below, those objections are sustained in part and overruled in part.

## I. BACKGROUND[2]

Clayton International originally brought this lawsuit (Filing No. 1) against Armes Aviation, Ogle, ENC Products, LLC, and Joey DeRousse, on August 16, 2021. It claimed those defendants infringed on Clayton International's rights to certain designs and data used to modify helicopters through their work with the Royal Jordanian Air Force. Ogle and his company, Armes Aviation, were served with the complaint a week later.

Ogle claims his laptop hard drive malfunctioned on September 20, 2021, just a short time after he learned about the litigation. As he would later describe during the discovery proceedings over the lost ESI, Ogle used that laptop for both personal and professional purposes. Ogle testified that he brought the laptop on work-related trips to Jordan and Bahrain. And despite not remembering exactly what files were on it, he also testified that the laptop contained "critical programs" related to "helicopter modification contracts."

Ogle's recollection of the events has changed some over time, and what exactly occurred after his hard drive malfunctioned remains a bit fuzzy. The parties agree, though, that Ogle disposed of his hard drive soon after it purportedly malfunctioned. As Kuchenreuther's report explains, a new hard drive was installed on his laptop around November 11, 2021.

[2]The magistrate judge's Order aptly describes the lengthy factual and procedural background underlying the parties' dispute. The Court generally adopts those findings and reiterates only some of them here.

Clayton International claims it did not receive notice of the loss of the ESI until October 28, 2022. Since then, the matter has been the subject of investigation and discovery disputes. Those proceedings ultimately resulted in Clayton International's request for sanctions.

The magistrate judge partially granted that request. Based on his review of the record, the magistrate judge concluded "there was likely relevant information on the laptop and Ogle had an affirmative duty to preserve it." He further found that Ogle failed to take affirmative steps to preserve the ESI on his hard drive and that, based on the circumstances, "it is impossible to determine precisely what the destroyed documents contained or how severely the unavailability of these documents might have prejudiced" Clayton International's ability to prove its claims. (Quoting *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 236 (D. Minn. 2019)).

The magistrate judge found "the prejudice to [Clayton International] primarily consists of the additional time and efforts it incurred in obtaining information relative to the hard drive and litigating the spoliation issue." Noting that "[t]he remedy should fit the wrong," he concluded "[a]bsent a showing of bad faith . . . the prejudice caused by the loss [of ESI] may only be cured with monetary sanctions." He further construed the jury instruction requested by Clayton International as requiring a showing of bad faith under Rule 37(e)(2), which he concluded was not established by the evidence.

As described more below, Clayton International objects to the magistrate judge's conclusion that further sanctions are not warranted. The sanction defendants, unsurprisingly, disagree (Filing No. 413).

## II. DISCUSSION

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the Court." Such matters include

pretrial motions that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).

The Court must thereafter "consider timely objections" to the magistrate judge's decision. *Id.* On review, the Court may "modify or set aside" part of the magistrate judge's order if it is "clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous "if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the Court is] left with the definite and firm conviction that an error was made." *E&I Glob. Energy Servs., Inc. v. Liberty Mut. Ins. Co.*, 134 F.4th 504, 511 (8th Cir. 2025) (quoting *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013)). Courts in this circuit have held that for a magistrate judge's decision to be contrary to law, it must fail "to apply or misapply[y] relevant statutes, case law or rules of procedure." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)); *see also Bucco v. W. Iowa Tech Cmty. Coll.*, 664 F. Supp. 3d 916, 919 (N.D. Iowa 2023); *accord Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation omitted).

**B. Rule 37(e) Sanctions**

Federal courts possess inherent authority to sanction "conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (8th Cir. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). That includes the ability to sanction parties for spoliating or failing to preserve evidence. *See Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir. 1995); *accord Skanska USA Civil Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023). But in the case of electronic evidence, Rule 37(e) provides more-explicit guidance. *See Skanska*, 75 F.4th at 1311; *see also Gregory v. Montana*, 118 F.4th 1069, 1077-78 (9th Cir. 2024) (concluding Rule 37(e) precludes a court from relying solely on its inherent authority in crafting a sanction under circumstances governed by that rule). It permits the Court to fashion sanctions when "electronically stored information that should have been

preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

The sanctions available under Rule 37(e) depend, however, on the degree of the resulting harm and the spoliating party's culpability. Subsection (1) allows the Court to order, "upon finding prejudice to another party from loss of the information, [] measures no greater than necessary to cure the prejudice." As the magistrate judge noted, such sanctions may include "forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument, other than instructions to which subdivision (e)(2) applies." Fed. R. Civ. P. 37 Advisory Committee Notes, 2015 Amendment; *see also Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 175 (S.D.N.Y. 2022); *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 958-59 (N.D. Ill. 2021).

The more "severe spoliation sanctions," *Stepnes v. Ritschel*, 663 F.3d 952, 965 (8th Cir. 2011), are limited to cases where the record establishes "that the party acted with the intent to deprive another party of the information's use in the litigation," Fed. R. Civ. P. 37(e)(2). That includes "(A) presum[ing] that the lost information was unfavorable to the party," "(B) instruct[ing] the jury that it may or must presume the information was unfavorable to the party," and "(C) dismiss[ing] the action or enter[ing] a default judgment." Fed. R. Civ. P. 37(e)(2).

The Court must find that the spoliating party acted with bad faith before ordering any of those heightened sanctions. *See Stepnes*, 663 F.3d at 965. The central question is whether a party intentionally destroyed ESI with a "desire to suppress the truth." *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (quoting *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 745 (8th Cir. 2004)). Such intent may (and given its nature, often must) be established through circumstantial evidence. *See id.* ("Intent is

rarely proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 902 (8th Cir. 2004))); *Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018) (stating "intent can be proved indirectly" and emphasizing a party can seek sanctions without "find[ing] a smoking gun").

Here, Clayton International maintains the underlying facts support the imposition of sanctions including (1) ordering the sanction defendants to pay attorney fees and costs incurred from the loss of the ESI, (2) permitting it to "present evidence and argument to the jury regarding" Ogle's destruction of the hard drive, and (3) submitting an instruction to the jury that reads

> Defendant Tracy Ogle failed to preserve evidence for Plaintiff's use in this litigation after his duty to preserve arose. He destroyed the only copy of his laptop hard drive which may have contained information relevant to this litigation and supportive of Plaintiff's claims. He then repeatedly provided false statements, under oath, regarding the circumstances surrounding the destruction of his laptop hard drive. Whether these facts are important to you in reaching a verdict in this case is for you to decide.

Clayton International takes issue with the magistrate judge's decision to only order the payment of fees and costs. It asserts "non-monetary measures are necessary here" because Ogle's destruction of the hard drive resulted in the loss of information relevant to Clayton International's claims. As Clayton International puts it, "attorney's fees do not cure the prejudice where Ogle destroyed potentially relevant information, the contents of which will never be known or retrieved." It also argues it presented more than enough evidence of Ogle's bad faith to justify the requested instruction under Rule 37(e)(2).

Those objections are generally well-taken. Based on the evidence presented, the magistrate judge found that the destroyed ESI contained information that was likely relevant to this litigation. The payment of fees and costs do nothing to address the high

probability that Ogle's actions deprived Clayton International of information that could support its claims. The Court agrees with the magistrate judge that Ogle's actions caused Clayton International to expend "additional time and effort[]" investigating and litigating the issue, for which monetary sanctions are appropriate. It disagrees, however, with his conclusion that the harm caused to Clayton International "may only be cured with monetary sanctions."

On this point, the Court finds the cases Clayton International cites persuasive. *See Karsch v. Blink Health Ltd.*, No. 17-CV-3880 (VM) (BCM), 2019 WL 2708125, at *27-*28 (S.D.N.Y. June 20, 2019); *Vogt v. MEnD Corr. Care, PLLC*, No. 21-cv-1055, 2023 WL 2414551 at *11, *14-*17 (D. Minn. Jan. 30, 2023). As in those cases, non-monetary sanctions are necessary and appropriate here to "recognize[] that the prejudice" from Ogle's destruction of ESI "goes beyond the expenses [Clayton International] incurred" and to "help 'rectify the evidentiary imbalance' that [Ogle] created by spoliating relevant ESI." *Karsch*, 2019 WL 2708125 at * 27 (quoting *Linde v. Arab Bank, PLC*, 706 F.3d 92, 102 (2d Cir. 2013)); *see also Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 68-69 (S.D.N.Y. 2020) (finding non-monetary sanctions were "required 'to cure the prejudice'" of spoliation where the harm to the non-spoliating party went beyond cost (quoting Fed. R. Civ. P. 37(e)(1)). The Court will therefore permit the parties to present evidence regarding the destruction of Ogle's hard drive at trial.

Given that, the Court also finds it appropriate to instruct the jury on the evidence adduced related to spoliation. To this end, the parties seem a little off-track. Clayton International requests their instruction be given pursuant to Rule 37(e)(2) and objects to the magistrate judge's ruling that sanctions are not warranted under that subsection in this case. That confuses the issue.

As far as spoliation-related instructions go, a bad-faith finding under Rule 37(e)(2) is only required where the Court instructs the jury that they may or must presume the lost ESI was "unfavorable" to the spoliating party. *See also* Fed. R. Civ. P. 37 Advisory

Committee Notes, 2015 Amendment (making clear that some jury instructions are permitted under subsection (e)(1) so long as they "do not have the effect of measures that are permitted under subdivision (e)(2)"). Though not without teeth, the instruction Clayton International requests does not go that far. Because that instruction essentially informs the jury only "that it may consider [spoliation] evidence, along with all the other evidence in the case, in making its decision," it too is warranted under Rule 37(e)(1) to address the evidentiary prejudice resulting from Ogle's actions and assist the jury in assessing evidence presented at trial. *Karsch*, 2019 WL 2708125, at *28 (quoting Fed. R. Civ. P. 37 Advisory Committee Notes, 2015 Amendment); *see also Gov. Emps. Health Ass'n v. Actelion Pharms. Ltd.*, 343 F.R.D. 474, 486-87 (D. Md. 2023) (concluding an instruction regarding the missing information was appropriate under Rule 37(e)(1) where the record demonstrated "a meaningful amount of relevant information was destroyed"). Since the Court will only later "determine the precise scope of the spoliation evidence to be permitted at trial," it will wait until that time to craft the specific language of the jury instruction "on a full evidentiary record." *Karsch*, 2019 WL 2708125, at *27.

Because the Court finds that all of Clayton International's requested sanctions fall within the scope of Rule 37(e)(1), it need not reach the separate issue of Rule 37(e)(2) sanctions. Those objections raised by Clayton International, which concern the requested jury instruction, are therefore overruled.

Based on all of the foregoing,

IT IS ORDERED:

1. Plaintiff Clayton International, Inc.'s Statement of Objections (Filing No. 411) to the magistrate judge's Order (Filing No. 406) is sustained in part and overruled in part.
2. The magistrate judge's Order (Filing No. 406) is reversed with regard to Clayton International's request for non-monetary sanctions under Federal Rule of Civil Procedure 37(e)(1) but is otherwise affirmed.
3. Clayton International's Motion for Sanctions (Filing No. 325) is granted pursuant to Rule 37(e)(1) as described above. Its request for sanctions

under Rule 37(e)(2) is denied without prejudice due to its failure to specifically request sanctions available under that subsection.

Dated this 2nd day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge